```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**DARRELL LEA DEAL,**

       Plaintiff,

v.                                    Civil Action No: 2:14-25071

**CAROLYN W. COLVIN,**
Commissioner, Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION & ORDER

The plaintiff, Darrell Lea Deal, instituted this action under 42 U.S.C. § 405(g) on June 13, 2014, seeking judicial review of the Commissioner's final decision denying his application for disability insurance benefits.

By standing order this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, who filed his Proposed Findings and Recommendation ("PF&R") on September 1, 2015.  The PF&R recommends that the court grant judgment on the pleadings to the Commissioner, affirm the Commissioner's decision, and dismiss this case.  On September 12, 2015, Mr. Deal filed his objections.  The court will assess each under a <u>de</u> <u>novo</u> standard.  28 U.S.C. § 636(b)(1)(C).  The United States has not responded to the objections.

Mr. Deal raises multiple objections to the PF&R. The first two objections assert, inter alia, errors in the PF&R respecting various dates and locations of materials in the record.[1] (Objec. at 1). It is the case that the citations to the record, and several dates, in the PF&R are incorrect. Mr. Deal does not assert, however, nor does it appear to be the case, that these minor factual errors impair the analysis found in the PF&R. The objection is thus meritorious but immaterial.

I.

The third objection relates to the magistrate judge's statement that, "[a]s Claimant's civil action focuses on the assertion that the ALJ failed to determine that Claimant satisfied the criteria for Listing 12.05C for intellectual disability, this Court will address the sole allegation." (PF&R at 11). Mr. Deal contends correctly that he, in actuality, asserted "multiple errors" in the ALJ's decision, not just one. These "multiple errors" were asserted in Mr. Deal's Brief in

---

[1] For instance, on page 1 of the PF&R, it is stated that the applications for disability insurance benefits were completed in February of 2011, whereas the record indicates that they were completed in April of 2011, R. at 51. Likewise, it is stated that the onset date of Deal's alleged disability was October 1, 2010, PF&R at 1, whereas the record indicates that the alleged date of onset was June 30, 2008, R. at 60. On page 2 of the PF&R, it is stated that the ALJ decision denying benefits was dated February 14, 2013, whereas a review of the record shows that it was in fact dated April 25, 2013, ALJ Decis. at 1.

Support, Dkt. No. 14 at 10-11, reproduced in subsections 3.A. through 3.E. of the objections. The court summarizes objection 3.A below:

> **Objection 3.A.** -- The ALJ failed to explain the weight given to the forensic evaluation of Timothy Saar, Ph.D, and ignored testing demonstrating severe deficits in adaptive function. Mr. Deal notes that while the ALJ mentioned the IQ scores found in the Saar report, he ignored the adaptive skills testing, which was the only such testing in the record. Mr. Deal contends this was the most important evidence in the record inasmuch as the issue of adaptive skills was the foundational issue in the case. Dr. Saar also found illiteracy [lack of functional academic skills], very low scores in Managing Home and Transportation, and a low score for Health and Safety, which constitute at least three areas of current lack of adaptive function.

(See Objecs. at 3).

Mr. Deal asserts that the ALJ failed to adequately explain on the record the reasons for ignoring reports produced by Dr. Saar, who performed a variety of IQ and similar tests on Mr. Deal in 2012. The ALJ found that Mr. Deal suffers from a wide range of physical and mental problems. (See ALJ Decis. at 35-36). The ALJ concluded, however, that Mr. Deal's various impairments did not satisfy the requirements of any "listing" in the Social Security regulations, including Listing 12.05.

In order to satisfy Listing 12.05C -- which defines "mental disabilities" for purposes of determining eligibility

3

for Social Security disability benefits -- a claimant must show the following: (1) deficits in adaptive functioning that manifested before age 22; (2) a valid verbal, performance, or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. <u>See</u> 20 C.F.R. pt. 40, subpt. P, app. 1.

Mr. Deal is correct that the central dispute in this action is his adaptive functioning, prong one of the three-prong test.[2] In concluding that Mr. Deal did not satisfy the adaptive functioning prong, the ALJ relied on a report produced by Dr. Larry J. Legg. Dr. Legg concluded that a diagnosis of mental retardation would be inappropriate for Mr. Deal, based upon his work-history, educational record and lack of deficits in adaptive behavior. The ALJ appears to have adopted that conclusion. (<u>See</u> ALJ Decis. at 40).

Mr. Deal responds that Dr. Saar also opined on Mr. Deal's adaptive capacity but that the ALJ implicitly, and inexplicably, failed to explain or even take account of Dr. Saar's report to that extent. He thus requests remand. The

---

[2] Mr. Deal satisfies the second and third prongs based on Dr. Saar's report, as the ALJ acknowledged. (<u>See</u> ALJ Decis. at 35, 37, 40, 38-41).

4

magistrate judge appears to have analyzed the contention, noting Mr. Deal "is mistaken because the ALJ did consider and discuss the results of Dr. Saar's evaluation [on pages 39 and 40 of the administrative record]." (PF&R at 16).

## II.

The court reviews de novo those portions of the magistrate judge's PF&R to which objections have been timely filed. See 28 U.S.C. § 636(b)(1)(B); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); 20 C.F.R. §§ 416.927(e)(1), 4-4.1527(e)(1) (ultimate decision regarding disability determination rests with the Commissioner of Social Security). The standard of review is very deferential to the Commissioner: "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); see also Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (the court is obligated to scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than "a mere scintilla," but less than a preponderance. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Nevertheless, "[i]n reviewing for substantial evidence, [a district court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653.

It is the duty of the ALJ to resolve any conflicts or inconsistencies in the evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Thomas v. Celebreeze, 331 F.2d 541 (4th Cir. 1964). However, the ALJ must explicitly indicate on the record "the weight given to all relevant evidence." Gordon v. Schweiker, 724 F.3d 231, 233 (4th Cir. 1984). In cases where the ALJ fails to do so, courts have understandably remanded for further proceedings. See, e.g., Murphy v. Bowen, 810 F.2d 433, 437-38 (4th Cir. 1987) (remand where ALJ accepted one doctor's testimony over that of another with "little or no indication . . . [or] explanation" why); Milburn Colliery Co. v. Hicks, 138 F.3d 524533-34 (4th Cir. 1998) (same); Rainey v. Heckley, 770 F.23d 408, 410 (4th Cir. 1985) (same); Peabody Coal v. Lowis, 708 F/2d 260, 275 (7th Cir. 1983) (similar); cf. Hancock v.

Astrue, 667 F.3d 470, 476 (4th Cir. 2012) (ALJ affirmed where she weighed conflicting evidence carefully and explained on the record); Turner v. Brown, 856 F.2d 695, 699 (4th Cir. 1988) (same).

With respect to objection 3.A -- the treatment of, and weight accorded to, Dr. Saar's report -- the ALJ did not fulfill his obligation to consider the evidence, resolve conflicts, and apply the relevant legal standards. See Doss v. Dir., Office of Workers' Comp. Programs, 53 F.3d 654, 658 (4th Cir. 1995).

The ALJ acknowledged Dr. Saar's report in concluding that Mr. Deal satisfied the IQ prong in Listing 12.05. (See ALJ Decis. at 40).  This indicates the ALJ credited at least some portion of Dr. Saar's findings.  The ALJ entirely neglected, however, to mention the quite important portions of Dr. Saar's report concerning Mr. Deal's adaptive functioning, despite the fact that Dr. Saar's report conflicts in significant degree with the report compiled by Dr. Legg.  (See ALJ Decis. at 40-41).

Specifically, Dr. Saar opines that Mr. Deal's "adaptive functioning is at the minimum standard score" in several areas, performing at the lowest levels measured.  To be sure, Dr. Saar also found that Deal scored only "low," and even "average" in some areas, but this mixed evidence is nowhere discussed in the ALJ's decision.  In comparison, Dr. Legg, upon

whom the ALJ chose to rely for unknown reasons, concluded that Mr. Deal showed much better adaptive functioning than found by Dr. Saar. (See ALJ Decis. at 40). There is no explanation why Dr. Saar's adaptive functioning findings were insufficient.

Inasmuch as the determination of adaptive functioning was critical to the determination of disability, objection 3.A is meritorious and the ALJ consequently erred. Remand is, accordingly, required to address the matter. The court thus need not reach the remaining objections or grounds for error, as such grounds (of which 3.B., 3.C., and 3.D. also relate to adaptive functioning), may be presented, if warranted, on remand.

IV.

For the foregoing reasons, the court ORDERS as follows:

1. That objection 3.A to the PF&R be, and hereby is, sustained;

2. That the decision of the Commissioner be, and hereby is, reversed;

3. That this action be, and hereby is, remanded pursuant to sentence four of 42 U.S.C. § 405(g), which

8

> proceedings shall include a consideration and weighing of the adaptive functioning findings of Dr. Saar and their effect, if any, on the disability determination; and

4. That this civil action be, and hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: September 30, 2015

John T. Copenhaver, Jr.
United States District Judge